Kirkpatrick, C. J.
— The first reason assigned for the reversal of this judgment is, that the nature of the action is misconceived, being in case, when it ought to have been in trespass.
The complaint filed, is for entering upon the land, of the plaintiff, and taking away his rye. This is certainly a trespass. To confound it with actions of another nature, might cheat the defendant of his defense. Besides, the act is express, that the justice shall enter the nature of the action; this must be the true legal description of it.
There are objections to this record, but I rest my opinion upon this one only. Therefore, in my opinion, let judgment be reversed.
Rossell, J.
— The reason which seems to be principally relied on to reverse this judgment is “That the nature of the action is erroneous, being case, when it ought to have been trespass.”
[176] In examining the transcript sent up by the justice, Ave find so much of it as necessary for my present purpose, to be as folloAvs:

[*] There is evidently on the face of these proceedings a strong legal distinction between the summons, or style of action, and the state of the plaintiff’s demand; and the only question with me is, is not the defendant, after a verdict of twelve men, barred of any advantage which this Amriance might have giv'en him before issue joined ? I think he is. *227 This court, I conceive, possesses the same powers on a certiorari from a judgment of the justice of tiie peace, as they do on a writ of error from the Commoni Pleas. In the exercise of‘this power, they must be regulated by the same rales of law, unless, indeed, (which seems generally to be allowed), that on account of the want of legal information of the suitors in courts for the trial of small causes, the same technical correctness should not be required of them. This being the case, we must examine, whether in any other court of record, a defendant could not have taken advantage of the venire above stated, by a plea in abatement — and if he had requested so to do, whether he could now assign it for error.
In our statute of amendments and jeofails, we find that if any issue hath been tried by the oath or affirmation of twelve men, that the court shall give judgment in the same, notwithstanding mispleadings, misconceiving of process, or misjoining of issue, or any other default or negligence of the parties, their counselors or attorneys.
That where any verdict shall be given in any action in any court of record, judgment shall not be stayed or reversed for any defect or fault in form or substance in any bill, writ, original or judicial, or for any variance in such writ from the declaration or other proceedings.
The 18tli section of this act also directs, that this act shall be construed in the most ample, beneficial, and liberal manner.
In 1 Bacon’s Abridgment 221, title Error, it is laid down by Chief Justice Holt, that “ a man shall not assign [*] that for error which he might have pleaded in abatement, for it shall be accounted his folly, [177] to neglect the time of taking that exception.” (Same page.) “ If there be an omission of any writ or process, or one writ awarded in lieu of another, yet if a party appear, and plead to issue, and judgment is given upon the verdict, this is not erroneous, *228 because he has not taken advantage of this before pleading to issue.”
In 4 Bacon’s Abridgment, 130, Pleas and Pleadings, “After plaintiff and defendant have joined in the issue to be tried between them, they have admitted the pleading to be good, and sufficient to try the issue.”
In 1 Com. 37, Abatement: “ So it may be pleaded that the plaint is not in a proper action, as the plaintiff declared in an action on the case, when he ought to have an account.” Same page, (and expressly the point before us), “ So that he brought an action on the case, when he ought to have brought a general trespass.”
I consider the summons issuing from our justices’ courts, to be of the same nature as writs from other courts of record, and subject to similar regulations, in cases of this kind. The substance of this summons, naming the action, is entered in the magistrate’s docket, and open for the inspection of the parties. If the state of demand, which can be considered in no other point of view, than the. declaration of the plaintiff, varies substantially from the style of action, the defendant may take advantage of it by a plea to abate the suit. If he neglects to do this before issue joined on the merits, he has waived his privilege, and is precluded from bringing it forward afterwards as error. I think this principle is fully established by the authorities I have cited, and does, and will tend to prevent continued litigation. As I have the misfortune to differ from my brethren on this point, I have been thus particular in stating the authorities on which I have founded my opinion, that the judgment should be affirmed.